JS - 6      **LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1562-GAF (DTBx) | Date | October 3, 2013 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. George Becske et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **(In Chambers)**

<u>**ORDER REMANDING CASE**</u>

**I.**
**BACKGROUND**

Plaintiff Deutsche Bank National Trust Company  ("Plaintiff") brings this action against Defendants George Becske ("Defendant") and Does 1-10 for declaratory judgment and cancellation of a reconveyance instrument.  (Docket No. 1-1, [Complaint ("Compl.")] at 4–5].)  Plaintiff filed its Complaint on June 25, 2010, in San Bernardino County Superior Court.  (Compl. at 1.)  Defendant removed the action on August 29, 2013, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1441(b).  (Docket No. 1 [Notice of Removal ("Not.")] at 2.)  Because Defendant has failed to adequately plead the citizenship of any of the parties, the Court was unable to determine whether it had subject matter jurisdiction over this action, and therefore ordered Defendant to show cause why the action should not be remanded to the Superior Court.  (Docket No. 4, [9/16/2013 Order].)

Defendant has now responded.  (Docket No. 5, [Response to 9/16/2013 Order ("Resp.")].)  For the reasons set forth below, the Court concludes that Defendant has failed to establish this Court's subject matter jurisdiction.  Accordingly, the Court **REMANDS** the case to San Bernardino County Superior Court.

JS - 6     **LINK: 1**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 13-1562-GAF (DTBx) | Date | October 3, 2013 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. George Becske et al | | |

## II.
## DISCUSSION

### A. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").  The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (quotations and citations omitted).

Section 1332 confers federal courts with original jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant."  Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).  A "natural person's state citizenship is [] determined by her state of domicile, not her state of residence."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1) (emphasis added).

### B. APPLICATION

Defendant now asserts that the citizenship of the Parties is irrelevant, because he is raising federal claims in his complaint.  (Resp. at 2.)  But any counterclaims which Defendant chooses to raise in his Notice of Removal are irrelevant for the purposes of establishing federal question jurisdiction.  The only claims that matter for the purposes of determining jurisdiction are those made by Plaintiff in its Complaint.  See Spectacor Mgmt. Group v. Brown, 131 F.3d 120, 125 (3d Cir. Pa. 1997) (noting "the majority view that inclusion of counterclaims should not be permitted in the removal context.").

Defendant also appears to make some allegations relating to the Parties' citizenship in his

JS - 6      **LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1562-GAF (DTBx) | Date | October 3, 2013 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. George Becske et al | | |

Response.  He states that Plaintiff is "based in Los Angeles, CA."  (Resp. at 2.)  This is insufficient to determine either the state of Plaintiff's "principal place of business" or the state of its incorporation."  See 28 U.S.C. § 1332(c)(1).  Moreover, to the extent that this attempts to demonstrate that Plaintiff is a citizen of California, such a demonstration would in fact defeat the purported diversity jurisdiction of this Court.  See Osborn, 341 F. Supp. 2d at 1126.

It is evident that the Court lacks subject matter jurisdiction over this action, and therefore the Court must remand this case.[1]

**III.**
**CONCLUSION**

For the foregoing reasons, subject matter jurisdiction has not been established in this case. Accordingly, the Court **REMANDS** the action to San Bernardino County Superior Court.

**IT IS SO ORDERED.**

---

[1] The Court also notes, upon further review, that Plaintiff initiated this lawsuit in 2010.  (Compl. at 1.) Ordinarily, defendants are required to remove an action "within 30 days after the receipt by the defendant" of the initial pleading or summons.  28 U.S.C. § 1446(b)(1).  If the case is not removable at the outset, but later becomes removable, this 30 day period may be extended, but not beyond one year from the commencement of the action. 28 U.S.C. § 1446(c)(1).  Therefore, although the record does not indicate when it was effectuated, unless Plaintiff took over two years to serve Defendant, Section 1446 would prohibit removal.